Paula Corbin JONES, Plaintiff,

v.

William Jefferson CLINTON and Danny
Ferguson, Defendants.

No. LR–C–94–290.

United States District Court,
E.D. Arkansas,
Western Division.

June 30, 1998.

Order Granting Reconsideration
in Part Sept. 1, 1998.

Robert E. Rader, Jr., Thomas Wesley Holmes, James McCord Wilson, James Austin Fisher, David M. Pyke, Donovan Campbell, Jr., Rader, Campbell, Fisher & Pyke, Dallas, TX, for Paula Corbin Jones.

Kathlyn Graves, Wright, Lindsey & Jennings, Little Rock, AR, Stephen C. Engstrom, Wislon, Engstrom, Corum & Coulter, Little Rock, AR, Robert S. Bennett, Skadden, Arps, Slate, Meagher & Flom, Washington, DC, for William Jefferson Clinton.

Bill W. Bristow, Seay & Bristow, Jonesboro, AR, Robert Batton, Municipal Judge, Jacksonville, AR, for Danny Ferguson.

## MEMORANDUM AND ORDER

SUSAN WEBBER WRIGHT, Chief Judge.

Faced with intense and often inaccurate media coverage of virtually every aspect of this civil case, this Court, on October 30, 1997, entered a Confidentiality Order on Consent of all Parties, thereby imposing limits on the dissemination of information concerning a large portion of discovery and placing under seal court filings dealing with discovery. The Court took this action to help ensure that a fair and impartial jury could be selected in the event this matter went to trial by limiting prejudicial pre-trial publicity. Following entry of the Confidentiality Order, various media entities filed a motion for Leave to Intervene, Motion to Modify and/or Rescind Confidentiality Order and Motion for Access to Court Records and Discovery.[1] Other parties also sought recission of the Confidentiality Order and for

---

1. The media entities that joined in this motion are as follows: Pulitzer Publishing Company; The New York Times Company; Associated Press; USA Today, a division of Gannett Satellite Information Network, Inc.; Cable News Network, Inc.; Newsday, Inc.; National Broadcasting Company, Inc.; CBS, Inc.; American Broadcasting Companies, Inc.; Time Inc.; Little Rock Newspapers, Inc.; and The Reporters Committee for Freedom of the Press. Following the filing of this motion, two additional media entities, Fox News Network, LLC, and The Society of Professional Journalists, filed a motion seeking the same relief.

access to Court records and discovery. By Memorandum and Order dated March 9, 1998 [doc. # 335], this Court denied the motions seeking to rescind and/or modify the Confidentiality Order. In its Memorandum and Order, the Court pointed out the need to ensure a fair trial and, further, that there existed a need to protect the privacy interests of third-party witnesses pursuant to Fed.R Civ.P. 26(c).[2] The media entities appealed. Following the filing of the notice of appeal but before the Court of Appeals for the Eighth Circuit could issue an opinion on the matter, this Court, by Memorandum Opinion and Order dated April 1, 1998, granted the President's and Ferguson's motions for summary judgment and entered judgment dismissing this case. *See Jones v. Clinton,* 990 F.Supp. 657 (E.D.Ark.1998). The Eighth Circuit subsequently issued an order dismissing the media entities' appeal and directing this Court to consider on remand the need for keeping its Confidentiality Order in place in view of the grant of summary judgment. *See Jones v. Clinton,* 138 F.3d 758 (8th Cir.1998). The Eighth Circuit's mandate was filed in this Court on June 3, 1998. In accordance with the Order of the Eighth Circuit, this Court, by Order dated June 8, 1998, asked the parties to file briefs on or before June 19, 1998, setting forth their positions, if any, on the need for keeping in place the Confidentiality Order.[3] With the exception of defendant Ferguson (who apparently takes no position on the matter), all the parties timely filed briefs as directed by the Court. Having considered the matter, this Court concludes that the primary reasons for maintaining the Confidentiality Order are no longer in place and that the Confidentiality Order should be and hereby is vacated in part as set forth below.

## I.

Plaintiff essentially argues that the Confidentiality Order should remain in effect for so long as there is a possibility that this case will be tried to a jury as the parties' rights to a fair trial are paramount. The President likewise argues that so long as any appeal is pending, the parties' rights to a fair trial and a fair and impartial jury remain an issue and the Confidentiality Order should thus remain in place. The media entities, however, argue that the two primary purposes of the Confidentiality Order—preserving the parties' fair trial rights and protecting third party witnesses from "the stigma of being associated with a case that involves alleged sexual indiscretions and which is being played out on a national stage"—has been mooted by virtue of this Court's grant of summary judgment to the defendants and by virtue of the fact that the identities of many third party witnesses have been made public in one manner or another. It is also argued that possible embarrassment from the disclosure of discovery materials does not in itself justify sealing such materials and that any privacy interests implicated in this case are diminished due to the compelling public interest in the conduct of one of the most public officials in the world, the President of the United States.

## II.

◼ In an effort to keep the Confidentiality Order as narrow as possible, the Court previously unsealed pleadings and/or rulings involving, among other things, the Paula Jones Legal Fund, the United States Secret Service, Monica Lewinsky, and the Office of Independent Counsel. *See* Memorandum and Order of March 9, at 8. Since that time, a significant portion of the matters previously under seal have now been made a part of the public record by virtue of the briefing of the issues regarding summary judgment and the filing of additional pleadings in the period

---

**2.** Rule 26(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

**3.** In addition to other matters contained in the March 9th Memorandum and Order, the Court notified the parties that it was particularly interested in the parties addressing this Court's conclusion that protecting the privacy interests of individuals who might be the subject of intrusive and embarrassing discovery is good cause under Rule 26(c) for maintaining the Confidentiality Order.

that followed. Because a significant part of the record relating to discovery has, in one form or another, been made public, there is no need to maintain under seal those materials that continue to be subject to the Confidentiality Order. *See In re Texaco, Inc.*, 84 B.R. 14, 18 (S.D.N.Y.1988) (noting that the need to seal court records is diminished where the information has already been disclosed to the public in some fashion).[4]

In addition, the Court has since granted the defendants' motions for summary judgment and there is now no imminent trial in which prejudicial pre-trial publicity remains a concern. While there is, of course, the possibility that the Eighth Circuit will determine that the grant of summary judgment to defendants was erroneous (whether in part or in whole), any such decision would not be handed down for several months and any trial date would most likely not be set until sometime after the first of the year, a significant passage of time from today's date.[5] That being so, and considering the substantial information already in the public domain, the Court determines that the primary basis for the Confidentiality Order—the threat of prejudicial pre-trial publicity—is no longer sufficient justification for its maintenance.

## III.

█ The Court does determine, however, that compelling privacy interests weigh in favor of maintaining under seal the identities of any Jane Does that may be revealed in the record or in any materials in the possession of the parties that have not been filed of record. This includes, but is not limited to, their names, addresses, occupations, or any other identifying information. As the Court

previously noted, protecting the privacy interests of individuals who might be the subject of intrusive and embarrassing discovery is good cause under Rule 26(c) for maintaining the Confidentiality Order:

> Rule 26(c) ... protects privacy interests and specifically includes among its express purposes the protection of a party or person from embarrassment. *See Seattle Times*, 467 U.S. at 35 n. 21. If ever there was a case necessitating such protection, the case of *Jones v. Clinton* is it. Much of the discovery in this case of alleged sexual harassment has delved deeply into the personal lives of individuals and elicited information that, regardless of its truth or falsity, could prove damaging to reputation and privacy. Many in the media have shown no restraint in their willingness to place such personal information in the public domain despite the pain it may cause. Driven by profit and intense competition, gossip, speculation, and innuendo have replaced legitimate sources and attribution as the tools of the trade for many of these media representatives. Stories are apparently no longer subjected to critical examination prior to being printed. Indeed, the printing of a story in one publication is *itself* now considered newsworthy and justification for its reprinting in other publications, without critical examination for accuracy and bias. Thus, stories without attribution and based on gossip, speculation, and innuendo fly through media outlets with blinding speed only later to be placed in context or subjected to clarification and/or retraction, as

---

4. The Court notes also that the substantial unauthorized release of information in this case has served to place in the public domain matters which, having been filtered through the media, often do not accurately reflect that which is contained in the record. The Court has stated in previous orders, and reiterates again today, that it is very concerned about the unauthorized release of information in this case and that there are a variety of sanctions available to the Court should it ascertain who is responsible.

5. Plaintiff's brief and appendix at the Eighth Circuit was originally due on June 22, 1998.

Following the Eighth Circuit's granting of plaintiff's motion for an extension of time pending the U.S. Supreme Court's decision in *Burlington Industries v. Ellerth*, — U.S. —, 118 S.Ct. 2257, 141 L.Ed.2d 633, which was handed down on June 26, 1998, plaintiff's brief and appendix is now due on July 30, 1998. Pursuant to this new briefing schedule, defendants' briefs are due on September 8, 1998, and plaintiff's reply brief is due on September 22, 1998. Oral arguments will be scheduled sometime after September 22, 1998.

the case may be. The Court finds there is good cause under Rule 26(c) in attempting to protect private individuals from the stigma of being associated with a case that involves alleged sexual indiscretions and which is being played out on a national stage.

Memorandum and Order of March 9, at 6–7. The Court continues to adhere to that aspect of its Memorandum and Order and, thus, determines that the Confidentiality Order will remain in place insofar as the identities of any Jane Does are concerned.

## IV.

With the exception of the identities of any Jane Does (to which the Confidentiality Order will remain in effect), the Court's decision to vacate the Confidentiality Order applies as well to any materials that may be in possession of the parties but which are not a part of the Court record. This includes the full transcript of the plaintiff's and President's respective depositions, but not, however, the videotapes of *any* depositions taken in connection with this lawsuit.[6] All videotapes shall remain under seal. In addition, the parties may make any public statements that would otherwise have been subject to the Confidentiality Order to the extent such statements do not reveal the identities of any Jane Does. The parties may decide for themselves whether to release any such materials that may be in their possession and which were previously subject to the Confidentiality Order and whether to make any public statements that would otherwise have been subject to the Confidentiality Order. Should any of the parties release any materials in their possession they must redact any and all portions of those materials that reveal in any way the identities of any Jane Does including, but not limited to, their names, addresses, occupations, or any other identifying information. Should any of the parties make

public statements, any such statements must likewise not reveal in any way the identities of any Jane Does.

## V.

In sum, the Court vacates the Confidentiality Order as to those matters which do not reveal the identities of any Jane Does and hereby unseals the record in this matter. The Confidentiality Order shall remain in effect with respect to the identities of any Jane Does who may be revealed in the Court record, in any materials in possession of the parties that have not been filed of record, and in any public statements. In addition, all videotapes of depositions taken in connection with this lawsuit shall remain under seal. The parties shall have until and including July 10, 1998, in which to file a notice of appeal from today's decision and to ask that today's decision be stayed pending appeal. If no notice of appeal and motion to stay is filed within that time, the Court will proceed to unseal the record in a manner consistent with today's Memorandum and Order.

## *MEMORANDUM AND ORDER*

On May 6th, 1994, the plaintiff in this case, Paula Corbin Jones, filed suit against William Jefferson Clinton, President of the United States, and Danny Ferguson, a former Arkansas State Police Officer, seeking damages for alleged actions beginning with an incident that is said to have occurred in a hotel suite in Little Rock, Arkansas, on May 8th, 1991. The case ultimately made its way to the Supreme Court of the United States where it was determined that plaintiff's lawsuit could proceed while the President is in office. *See Clinton v. Jones,* 520 U.S. 681, 117 S.Ct. 1636, 137 L.Ed.2d 945(1997). Following that decision, and following this Court's partial denial of the President's and Ferguson's subsequent motion for judgment on the pleadings, *see Jones v. Clinton,* 974 F.Supp. 712 (E.D.Ark.1997), formal discovery commenced. Because of the salacious nature

---

**6.** The Court notes that the videotape of the President's deposition is not on file with the Court. Even if the videotape were a part of the Court record, the Court would not unseal the videotape as it is not a judicial record to which any common law right of public access attaches and

there is a strong judicial tradition of proscribing public access to recordings of testimony given by a sitting President. *See United States v. McDougal,* 103 F.3d 651, 656–659 (8th Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 49, 139 L.Ed.2d 15 (1997).

of much of the discovery and the media's intense and often inaccurate coverage of this case, this Court, on October 30th, 1997, entered a Confidentiality Order on Consent of all Parties, thereby imposing limits on the dissemination of information concerning a large portion of discovery and placing under seal court filings dealing with discovery. The Court took this action to help ensure that a fair and impartial jury could be selected in the event this matter went to trial by limiting prejudicial pre-trial publicity. Following entry of the Confidentiality Order, various media entities filed a Motion for Leave to Intervene, Motion to Modify and/or Rescind Confidentiality Order and Motion for Access to Court Records and Discovery.[1] Other parties also sought recission of the Confidentiality Order and for access to court records and discovery. By Memorandum and Order dated March 9th, 1998, this Court denied the motions seeking to rescind and/or modify the Confidentiality Order. In its Memorandum and Order, the Court pointed out the need to ensure a fair trial and, further, that there existed a need to protect the privacy interests of third-party witnesses pursuant to Fed.R.Civ.P. 26(c).[2] The media entities appealed. Following the filing of the notice of appeal but before the Court of Appeals for the Eighth Circuit could issue an opinion on the matter, this Court granted the President's and Ferguson's motions for summary judgment and entered judgment dismissing this case. *See Jones v. Clinton*, 990 F.Supp. 657 (E.D.Ark.1998). The Eighth Circuit subsequently issued an order dismissing the media entities' appeal and directing this Court to consider on remand the need for keeping its Confidentiality Order in place in view of the grant of summary judgment. *See Jones v. Clinton*, 138 F.3d 758 (8th Cir. 1998). The Eighth Circuit's mandate was filed in this Court on June 3rd, 1998. In accordance with the Order of the Eighth

Circuit, this Court, by Order dated June 8th, 1998, asked the parties to file briefs setting forth their positions, if any, on the need for keeping in place the Confidentiality Order. Following submission of the briefs outlining the parties' respective views, this Court, by Memorandum and Order dated June 30th, 1998, vacated in large part the Confidentiality Order and directed that a substantial portion of the record in this matter be unsealed. In so ruling, the Court determined that the Confidentiality Order shall remain in effect with respect to the identities of any Jane Does who may be revealed in the Court record, in any materials in possession of the parties that have not been filed of record, and in any public statements. In addition, the Court determined that all videotapes of depositions taken in connection with this lawsuit shall remain under seal. Now before the Court is a motion by the President for reconsideration of this Court's decision to partially unseal the record and to stay the June 30th Memorandum and Order. The plaintiff and the media have responded to the President's motion and the President has filed a reply to the plaintiff's and the media's responses. Having considered the matter, the Court grants in part and denies in part the President's motion for reconsideration.

## I.

The President argues that this Court should reconsider the June 30th, 1998 Memorandum and Order because this Court may not have been aware of all the discovery material that remains under seal, much of which he says was not filed with the Court or attached to any motion; there is no right of access to the material at issue; the parties' fair trial interests would be prejudiced and that prejudice cannot be mitigated by the passage of time; the privacy interests pro-

---

1. The media entities that joined in this motion are as follows: Pulitzer Publishing Company, The New York Times Company; Associated Press, USA Today, a division of Gannett Satellite Information Network, Inc.; Cable News Network, Inc.; Newsday, Inc.; National Broadcasting Company, Inc.; CBS, Inc.; American Broadcasting Companies, Inc.; Time Inc.; Little Rock Newspapers, Inc.; and The Reporters Committee for Freedom of the Press. Following the filing of this motion, two additional media entities, Fox

News Network, LLC, and The Society of Professional Journalists, filed a motion seeking the same relief.

2. Rule 26(c) provides that "[u]pon motion by a party or by the person from whom discovery is sought ... and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

tected are too narrow; ·and unsealing would permit plaintiff, the media and others to misuse the Court's processes and Court files for profit or political gain.

In response, the media entities argue that the President's motion raises no new issues and should be denied for that reason alone. They further argue that this Court's order represented a proper exercise of its discretion in balancing privacy rights against the interest of the media and the public in full and accurate disclosure of the history of this case and the course of the discovery process, and that there is no basis for the President's contention that much of the record in this litigation over serious allegations of official misconduct should be concealed from public view long after any circumstances require it.

For her part, the plaintiff has altered her previous position on the matter and now argues for the complete unsealing of the record.[3] She argues that it is in the best interests of all parties concerned, as well as the rights of the public and media, to disclose all the discovery and evidence relating to the case at this time, with the single exception of the identifying testimony relating to a certain Jane Doe. Plaintiff further argues that this Court has enunciated no rational justification for retaining the seal on videotapes of deposition testimony and that the Court's Order with regard to the videotapes constitutes a taking of her property without just compensation or due process pursuant to the Fifth and Fourteenth Amendments.

## II.

At issue are three categories of materials: (1) court filings that are under seal; (2) discovery materials in the hands of the parties that are not filed with the Court but are nevertheless under seal as subject to the Confidentiality Order; and (3) videotaped and transcribed depositions.[4] The Court will address these categories in turn.

1.

With respect to the first category of materials—court filings that are under seal—the Court has determined that there are contained in the Court's files matters under seal which do not at this time impact upon the parties' rights to a fair trial or the interests of the Jane Does in maintaining privacy, two interests for implementation of the Confidentiality Order. In that regard, the Court will review all materials on file with. the Court and will release on a periodic basis such materials, either in whole or as redacted, that the Court determines will not (1) impact upon the parties' rights to a fair trial and/or (2) do not adversely affect the privacy interests of any Jane Does. In releasing such materials, the Court will attempt to ascertain the negative inferences any such materials may have on one party or the other and will attempt, where possible, to coordinate the release of such materials on an equal basis. The Court will not, however, release any materials involving Jane Does, whether in whole or as redacted, without first giving those Jane Does and the parties an opportunity to object to their release. While the President may be correct that such review and/or redaction of the record prior to release may prove to be a burdensome task, this Court must follow its duty notwithstanding the difficulty of any particular course of action.

2.

■ With respect to the second category of materials—discovery materials in the hands of parties that are not filed with the Court but are nevertheless under seal as subject to the Confidentiality Order—the Court directs that no such materials in the hands of the parties be released or otherwise disclosed without first obtaining Court approval. In approving the release of any materials, whether in whole or as redacted, the Court will utilize the test previously enunci-

---

**3.** Plaintiff initially took no position on the unsealing of the record but later submitted a pleading that argued for the need to keep in place the Confidentiality Order. In her most recent pleading, plaintiff withdraws her consent to the Confidentiality Order and argues for the complete unsealing of the record.

**4.** Portions of the transcribed depositions of parties and various witnesses have been made part of the Court record by virtue of the briefing on the President's and Ferguson's motions for summary judgment, or by motions involving discovery issues. The latter motions currently remain under seal pursuant to the Confidentiality Order.

ated, *i.e.* whether the release of any such materials impacts upon the parties' rights to a fair trial and/or whether such materials adversely affect the privacy interests of any Jane Does.

### 3.

■ With respect to the third and final category of materials—the videotaped and transcribed depositions of the parties—the Court will maintain under seal the videotapes of any depositions taken in connection with this lawsuit, whether they be videotapes of the parties or of non-party witnesses. As the Court has previously noted, the videotapes of the depositions are not judicial records to which any common law right of public access attaches and, with respect to the President, there is a strong judicial tradition of proscribing public access to recordings of testimony given by a sitting President. *See. United States v. McDougal,* 103 F.3d 651, 656–659 (8th Cir.1996), *cert. denied,* —— U.S. ——, 118 S.Ct. 49, 139 L.Ed.2d 15 (1997).

■ With respect to transcripts of the depositions of the parties, however, the Court will permit these transcripts to be released in their entirety provided, however, that all identifying information of any Jane Does has been redacted and the redaction has been approved by the Court. It should be noted that the plaintiff and Ferguson do not object to their depositions being released in their entirety. Although the President does object, his deposition has largely been made public and has been the subject of intense scrutiny in the wake of his public admission that he was "misleading" with regard to his relationship with Monica Lewinsky.[5] That being the case, the Court determines that no fair trial interests are implicated by the release, as redacted and approved by this Court, of the transcripts of his or the other parties' depositions.

### III.

■ Having set forth the procedure this Court will utilize in unsealing a large part of the record, the Court now addresses plaintiff's claim that she has a Fifth Amendment property interest in discovery materials,

namely the videotapes of depositions which she noticed. Plaintiff cites no authority for such a proposition and, as correctly noted by the President, the Supreme Court has held that "[l]iberal discovery is provided for the sole purpose of assisting in the preparation and trial, or the settlement, of litigated disputes." *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 34, 104 S.Ct. 2199, 81 L.Ed.2d 17 (1984). Indeed, as a general matter, plaintiff would not have any right to the material at issue but for the discovery procedures set forth in the Federal Rules of Civil Procedure. The Court thus rules that plaintiff has no property interest in the discovery materials she has amassed.

■ Likewise, the Court rejects any assertion by plaintiff that this Court is impeding upon First Amendment interests in the discovery materials she has amassed in this case. *See Seattle Times,* 467 U.S. at 33–37, 104 S.Ct. 2199 (holding that "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information," and that "where a protective order is entered on a showing of good cause as required by Rule 26(c) [of the Federal Rules of Civil Procedure], is limited to the context of pretrial discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment").

### IV.

One final matter concerns motions by two Jane Does to intervene and to reconsider the Court's June 30th, 1998 Memorandum and Order, both of which were filed for purposes of protecting their privacy interests, a motion by non-party deponent Dolly Kyle Browning for a Protective Order in which she requests that certain portions of her deposition transcript and exhibits remain sealed to protect the privacy of persons with little or no connection with the facts underlying this action and to preserve proprietary information, and a motion by the Office of Independent Counsel ("OIC") to maintain the confidentiality of its March 27th, 1998 filing, *i.e.,* "In Camera Submission of the United States in Support

---

**5.** Although the Court has concerns about the nature of the President's January 17th, 1998 deposition testimony given his recent public statements, the Court makes no findings at this time regarding whether the President may be in contempt.

of [the United States'] Motion for Limited Intervention and a Stay of Kathleen Willey's Further Deposition." The motions of the two Jane Does to intervene are granted.[6] Those portions of their motions to reconsider are granted to the extent set forth in today's Memorandum and Order. The motion of Dolly Kyle Browning for a Protective Order is granted as well. If and/or when the record in this matter is unsealed (either in whole or part),[7] the Court will address the concerns set forth in Ms. Browning's motion at that time. Finally, the Court grants OIC's motion and will maintain the confidentiality of its March 27th, 1998 filing, *i.e.,* "In Camera Submission of the United States in Support of [the United States'] Motion for Limited Intervention and a Stay of Kathleen Willey's Further Deposition."

### V.

The parties are hereby given until and including Tuesday, September 15th, 1998, in which to file a notice of appeal from today's decision. Assuming an appeal is filed, today's decision will be stayed in its entirety pending the resolution of any such appeal. If no appeal is filed, the Court will proceed to unseal the record as set forth above. All court filings unsealed in accordance with today's decision will be posted on the Court's website beginning on Monday, September 28th, 1998, at the following address: www.are.uscourts.gov. Future documents unsealed in accordance with today's decision will be posted at the same address. Because it may be necessary for the Court to periodically have phone conferences to address any objections that may be raised to the release of a particular document, the Court cannot provide a precise schedule setting forth the times that any documents will be released. Accordingly, the Court will not announce any such postings in advance, and neither the Court nor the Clerk's Office will answer media inquiries about the timing of any such postings. The Court will be reviewing documents for possible unsealing and a barrage of calls could interfere with this process.

### VI.

For the foregoing reasons, the Court grants in part and denies in part the President's motion for reconsideration. The Confidentiality Order is hereby modified as set forth above. The motions of the Jane Does to intervene and to reconsider are granted to the extent set forth above, and the motions of Dolly Kyle Browning and OIC are granted as well.

---

6. Because the Court is allowing all Jane Does the opportunity to object to the release of information which may affect their interests, the Court hereby sua sponte grants leave of all other Jane Does permission to intervene in this matter.

7. Assuming an appeal is filed, the Court will, of course, await the resolution of any such appeal prior to unsealing any part of the record in this case. *See* Section V, *infra.*