**Paula Corbin JONES, Plaintiff,**

v.

**William Jefferson CLINTON and Danny Ferguson, Defendants.**

**No. LR–C–94–290.**

United States District Court,
E.D. Arkansas,
Western Division.

Oct. 8, 1998.

Robert E. Rader, Jr., Thomas Wesley Holmes, James McCord Wilson, James Austin Fisher, David M. Pyke, Donovan Campbell, Jr., Rader, Campbell, Fisher & Pyke, Dallas, TX, for Paula Corbin Jones.

Kathlyn Graves, Wright, Lindsey & Jennings, Little Rock, AR, Stephen C. Engstrom, Wilson, Engstrom, Corum & Coulter, Little Rock, AR, Robert S. Bennett, Skadden, Arps, Slate, Meaghan & Flom, Washington, DC, for William Jefferson Clinton.

Bill W. Bristow, Seay & Bristow, Jonesboro, AR, Robert Batton, Municipal Judge, Jacksonville, AR, for Danny Ferguson.

## *ORDER*

WRIGHT, Chief Judge.

By Memorandum and Order dated June 30th, 1998, this Court vacated in large part the Confidentiality Order on Consent of all parties that had been entered in this case and directed that a substantial portion of the record in this matter be unsealed. *See Jones v. Clinton,* 12 F.Supp.2d 931, 1998 WL 551961 (E.D.Ark.1998). In so ruling, the Court determined that the Confidentiality Order shall remain in effect with respect to the identities of any Jane Does who may be revealed in the Court record, in any materials in possession of the parties that have not been filed of record, and in any public statements. *Id.* at 933–35. In addition, the Court determined that all videotapes of depositions taken in connection with this lawsuit shall remain under seal. *Id.* at 934–35 The President filed a motion for reconsideration of this Court's decision to partially unseal the record and to stay the June 30th Memorandum and Order. By Memorandum and Order dated September 1st, 1998, this Court granted in part and denied in part the President's motion for reconsideration. *See Jones v. Clinton,* 12 F.Supp.2d 931, 1998 WL 551961 (E.D.Ark.1998).

In the Court's September 1st Memorandum and Order, the Court stated that with respect to court filings that are under seal, there are contained in the Court's files matters under seal which do not at this time impact upon the parties' rights to a fair trial or the interests of the Jane Does in maintaining privacy, two interests for implementation of the Confidentiality Order. *Id.* at 936–37. The Court stated that it will review all materials on file with the Court and release on a periodic basis such materials, either in whole or as redacted, that the Court determines will not (1) impact upon the parties' rights to a fair trial and/or (2) do not adversely affect the privacy interests of any Jane Does. Id. The Court further stated that in releasing such materials, the Court will attempt to ascertain the negative inferences any such materials may have on one party or the other and will attempt, where possible, to coordinate the release of such materials on an equal basis, but that the Court will not release any materials involving Jane Does, whether in whole or as redacted, without first giving those Jane Does and the parties an opportunity to object to their release. *Id.*

With respect to discovery materials in the hands of parties that are not filed with the Court but are nevertheless under seal as subject to the Confidentiality Order, the Court directed that no such materials in the hands of the parties be released or otherwise

disclosed without first obtaining Court approval. *Id.* at 937–38. In approving the release of any materials, whether in whole or as redacted, the Court stated that it will utilize the test previously enunciated, *i.e.* whether the release of any such materials impacts upon the parties' rights to a fair trial and/or whether such materials adversely affect the privacy interests of any Jane Does. *Id.*

With respect to the videotaped and transcribed deposition of the parties, the Court stated that it will maintain under seal the videotapes of any depositions taken in connection with this lawsuit, whether they be videotapes of the parties or of non-party witnesses, but that the Court will permit the transcripts to be released in their entirety provided that all identifying information of any Jane Does has been redacted and the redaction has been approved by the Court. *Id.*[1] The Court determined that no fair trial interests are implicated by the release, as redacted arid approved by this Court, of the transcripts of the President's or the other parties' depositions. *Id.*[2]

The Court gave the parties until and including September 15th, 1998, in which to file a notice of appeal from the decision directing that a substantial portion of the record in this matter be unsealed and stated that if an appeal were filed, the decision would be stayed in its entirety pending the resolution of any such appeal. *Id.* at 938–39. The plaintiff did in fact file a notice of appeal and the Court accordingly stayed the decision to unseal a substantial portion of the record pending resolution of the appeal.

The media entities that had originally moved to vacate the Confidentiality Order have now filed a motion to vacate the stay of the Court's Order of September 1st, 1998. The media entities point out that only plaintiff has appealed the Court's September 1st, 1998, Memorandum and Order and that "the evident purpose of [plaintiff's] appeal [is] not to resist disclosure of the matters that the Court has ordered disclosed, but to argue for disclosure of the videotape of the President's deposition and other items that the Court indicated it would not unseal." Mem. of Media Entities in Supp. of Mot. to Vacate, at 1. Only plaintiff has responded to the media entities' motion to vacate the stay and she states that she does not object to the media entities' motion and does not oppose this Court's granting the motion. Accordingly, there being no objection from any of the parties to this case, the media entities' motion to vacate the stay is granted and the Court will proceed to unseal the record as set

---

1. The Court provided a copy of the videotape of the President's January 17th, 1998 deposition to the House Judiciary Committee at their request and without objection from the parties. In so doing, this Court did not place any restrictions on the Judiciary Committee's utilization of the videotape in its impeachment inquiry and does not do so today.

2. The Court also addressed motions by two Jane Does to intervene and to reconsider the Court's June 30th, 1998 Memorandum and Order, both of which were filed for purposes of protecting their privacy interests, a motion by non-party deponent Dolly Kyle Browning for a Protective Order in which she requested that certain portions of her deposition transcript remain sealed to protect the privacy of persons with little or no connection with the facts underlying this action and to preserve proprietary information, and a motion by the Office of Independent Counsel ("OIC") to maintain the confidentiality of its March 27th, 1998 filing, *i.e.,* "In camera Submission of (the United States') Motion for Limited Intervention and a Stay of Kathleen Willey's Further Deposition." The motions of the two Jane Does to intervene were granted and those portions of their motions to reconsider were granted to the extent set forth in the Memorandum and Order. *Id.* at 938–39. Because the Court allowed all Jane Does the opportunity to object to the release of information which may affect their interests, the Court sua sponte granted leave of all other Jane Does permission to intervene in this matter. *Id.* The motion of Dolly Kyle Browning for a Protective Order was granted as well, with the Court stating that if and/or when the record in this matter is unsealed (either in whole or part), the Court would address the concerns set forth in Ms. Browning's motion at that time. *Id.* Finally, the Court granted OIC's motion and stated that it would maintain the confidentiality of its March 27th, 1998 filing, *i.e.,* "In Camera Submission of the United States in Support of (the United States') Motion for Limited Intervention and a Stay of Kathleen Willey's Further Deposition." *Id.*

forth above and in the Court's September 1st, 1998. Memorandum and Order. All court filings unsealed in accordance with today's decision, which incorporates the September 1st Memorandum and Order, will be posted on the Court's website beginning on Monday, October 19th, 1998, at the following address: *www.are.uscourts.gov.* Future documents unsealed in accordance with today's decision will be posted at the same address. Because it may be necessary for the Court to periodically have phone conferences to address any objections that may be raised to the release of a particular document, the Court cannot provide a precise schedule setting forth the times that any documents will be released. Accordingly, the Court will not announce any such postings in advance, and neither the Court nor the Clerk's Office will answer media inquiries about the timing of any such postings. The Court will be reviewing documents for possible unsealing and a barrage of calls could interfere with this process.